IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:10-CV-133-DCK

| | |
|---|---|
| KENNETH E. CHURCH and KEN E. CHURCH ENTERPRISES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HOME FASHIONS INTERNATIONAL, LLC,<br><br>Defendant. | <u>ORDER</u> |

**THIS MATTER IS BEFORE THE COURT** on Defendant's amended "Notice Of Motion To Compel Discovery" (Document No. 13) and "Notice Of Motion To Extend Discovery" (Document No. 14) filed November 2, 2011. "Plaintiffs' Objections To Defendant's Motion To Compel And Motion To Extend Discovery" (Document No. 16) was filed in response to the pending motions on November 14, 2011. Defendant has failed to file a reply and the time to do so lapsed on November 28, 2011.[1]

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the motions are ripe for disposition. Having carefully considered the motions and the record, the undersigned will <u>deny</u> the motion to compel, and <u>grant</u> the motion to extend discovery, with modification.

This action was filed on August 11, 2010 in the Superior Court of Caldwell County, North Carolina, asserting claims for breach of contract and violation of the North Carolina Wage

---

[1] "The filing of a reply brief is not mandatory. . . . If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice." Local Rule 7.1(E).

and Hour Act. (Document No. 2-1). Defendant filed a "Notice Of Removal" (Document No. 2) and thus removed the action to this Court on September 9, 2010. The undersigned issued a "Pretrial Order And Case Management Plan" (Document No. 7) on October 18, 2010. The "Pretrial Order..." among other things set important case deadlines, including: Discovery - July 13, 2011; Mediation - August 1, 2011; Motions - August 15, 2011; and Trial - the first civil term after January 1, 2012. (Document No. 7).

On July 26, 2011, a timely report on the results of the parties' mediation was filed and indicated that the parties had reached an impasse. (Document No. 11). Then, on November 2, 2011, nearly four (4) months after the discovery deadline and nearly three (3) months after the motions deadline, Defendant filed the pending motions. (Document Nos. 13 and 14).

Defendant's counsel states that he inadvertently entered September 13, 2011, as the discovery end date instead of July 13, 2011. (Document No. 13-1, p.1). Apparently, Defendant served its First Set of Interrogatories and First Requests To Produce to Plaintiffs on or about August 31, 2011. (Document No. 14-1, pp.1-2). Even if Defendant thought September 13, 2011 was the discovery deadline, serving discovery requests on August 31, 2011 did not allow Plaintiffs adequate time to respond. See (Document No. 7, p.3). Defendant offers no explanation for why it waited until November 2011 to seek to extend the time for discovery.

According to Defendant's motion, Plaintiffs served their First Set of Interrogatories and Request for Production of Documents to Defendant on or about February 24, 2011, and Defendant provided answers and documents on or about March 15, 2011. (Document No. 14-1, p.1). Plaintiffs even served additional discovery requests on or about June 23, 2011, and the parties mediated on July 25, 2011, and still Defendant did not serve any discovery requests or seek additional time to conduct discovery. Id.

Plaintiffs object to the pending motions and argue that they have been attempting to collect commissions and salary from Defendant for over two (2) years. (Document No. 16). Plaintiffs believe any extension of the discovery schedule will delay trial in this matter. Id.

Under the circumstances, the undersigned will deny Defendant's motion to compel, but allow an extension of time for limited discovery. Specifically, Defendant may serve Plaintiffs with a total of no more than **ten (10)** single part interrogatories; **ten (10)** requests for admission; and **ten (10)** requests for production, on or before **December 15, 2011**. Plaintiffs shall provide appropriate responses on or before **January 15, 2012**.

**IT IS THEREFORE ORDERED** that Defendant's amended "Notice Of Motion To Compel Discovery" (Document No. 13) is **DENIED**; and Defendant's "Notice Of Motion To Extend Discovery" (Document No. 14) is **GRANTED**, with modification as described herein.

**IT IS FURTHER ORDERED** that dispositive motions may be filed on or before **January 30, 2012**. This matter will be set for trial during the undersigned's civil term beginning **April 9, 2012**.

**SO ORDERED**.

Signed: December 8, 2011

David C. Keesler
United States Magistrate Judge