**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:10-CV-133-DCK**

| | |
|---|---|
| KEN E. CHURCH and ) | |
| KEN E. CHURCH ENTERPRISES, LLC, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HOME FASHIONS INTERNATIONAL, LLC ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding scheduling and Plaintiffs' "Notice Of Voluntary Dismissal Of Claim For Commissions" (Document No. 35). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of these issues is appropriate.

On July 19, 2012, the undersigned issued an "Order" (Document No. 34) denying Defendant's "Notice Of Motion [For Summary Judgment]" (Document No. 27), and granting in part and denying in part "Plaintiffs' Motion For Summary Judgment" (Document No. 28). The Court specifically determined that the uncontroverted facts supported a finding that Plaintiff Ken E. Church's employment with Defendant was covered by the North Carolina Wage and Hour Act, and that the parties had a contract for guaranteed compensation for 18 months that was breached by Defendant. (Document No. 34). The undersigned concluded that "[a]t minimum, Defendant is liable to Plaintiff for the six (6) months of guaranteed compensation of $11,000.00 per month it failed to pay Plaintiff. Id.

However, the Court also found that Plaintiffs had failed to provide sufficient and undisputed evidence that would allow this Court to conclude that Plaintiff was entitled to an award of

commissions.  Id.  The Court held that whether Plaintiff hired "key account executives" pursuant to the Agreement, and if so, whether Plaintiff is owed any commission payments based on either Plaintiff's or the key account executives' sales activity for Defendant, was an issue of fact that would be decided by a jury at a trial beginning on August 6, 2012.  Id.  The Court further stated that "[a]t trial, if one is ultimately required, the Court will hear arguments regarding the issue of commissions, and will further consider Plaintiffs' requests for liquidated damages and attorney's fees."  Id.

On July 27, 2012, Plaintiffs filed the instant "Notice Of Voluntary Dismissal Of Claim For Commissions" (Document No. 35).  Pursuant to that Notice, Plaintiffs have voluntarily dismissed their claims to any commissions.  (Document No. 35).  As such, the undersigned finds that there is no longer an issue of fact in this case to be determined by a jury.

**IT IS, THEREFORE, ORDERED** that the Final Pretrial Conference scheduled for **July 31, 2012** is **CANCELLED**.

**IT IS FURTHER ORDERED** that the trial scheduled to begin on **August 6, 2012** is **CANCELLED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a Notice with the Court, supported by an affidavit of counsel, on or before **August 8, 2012**, outlining in detail:  (1) the costs and fees of this action and the reasonable attorneys' fees Plaintiffs contend they incurred and are entitled to recover under N.C.Gen.Stat. § 95-25.22;  (2) and all other damages and/or interest in this matter they contend they are entitled to recover pursuant to the Court's "Order" (Document No. 34) and N.C.Gen.Stat. § 95-25.22.

**SO ORDERED**.

Signed: July 30, 2012

_____
David C. Keesler
United States Magistrate Judge

3