# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:10-CV-133-DCK

| | |
|---|---|
| KEN E. CHURCH and <br> KEN E. CHURCH ENTERPRISES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HOME FASHIONS INTERNATIONAL, LLC <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Notice Of Cost, Interest And Attorneys' Fees" (Document No. 37) and Defendant's "Notice Of Motion," construed by the Court as Defendant's "Motion For Reconsideration" (Document No. 39). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of these issues is appropriate.

## I. BACKGROUND

On July 19, 2012, the undersigned issued an "Order" (Document No. 34) denying Defendant's "Notice Of Motion [For Summary Judgment]" (Document No. 27), and granting in part and denying in part "Plaintiffs' Motion For Summary Judgment" (Document No. 28). The Court specifically determined that the uncontroverted facts supported a finding that Plaintiff Ken E. Church's employment with Defendant was covered by the North Carolina Wage and Hour Act, and that the parties had a contract for guaranteed compensation for 18 months that was breached by Defendant. (Document No. 34). The undersigned concluded that "[a]t minimum, Defendant is liable to Plaintiff for the six (6) months of guaranteed compensation of $11,000.00 per month it failed to pay Plaintiff. Id.

However, the Court also found that Plaintiffs had failed to provide sufficient and undisputed evidence that would allow this Court to conclude that Plaintiff was entitled to an award of commissions. Id. The Court held that whether Plaintiff hired "key account executives" pursuant to the Agreement, and if so, whether Plaintiff is owed any commission payments based on either Plaintiff's or the key account executives' sales activity for Defendant, was an issue of fact that would be decided by a jury at a trial beginning on August 6, 2012. Id. The Court further stated that "[a]t trial, if one is ultimately required, the Court will hear arguments regarding the issue of commissions, and will further consider Plaintiffs' requests for liquidated damages and attorney's fees." Id.

On July 27, 2012, Plaintiffs filed their "Notice Of Voluntary Dismissal Of Claim For Commissions" (Document No. 35). As such, the undersigned found that there was no longer an issue of fact in this case to be determined by a jury. (Document No. 36). The undersigned further ordered that Plaintiffs file a Notice with the Court, supported by an affidavit of counsel, outlining in detail: (1) the costs and fees of this action and the reasonable attorneys' fees Plaintiffs contend they incurred and are entitled to recover under N.C.Gen.Stat. § 95-25.22; (2) and all other damages and/or interest in this matter they contend they are entitled to recover pursuant to the Court's "Order" (Document No. 34) and N.C.Gen.Stat. § 95-25.22. Id. Plaintiffs timely submitted their "...Notice Of Cost, Interest And Attorneys' Fees" (Document No. 37) on August 1, 2012. To date, Defendant has failed to file an objection, or any response, to Plaintiffs' notice of costs and fees.

On August 10, 2012, Defendant filed its pending "Motion For Reconsideration" (Document No. 39). "Plaintiff's Memorandum Of Law In Opposition To Defendant's Motion For Reconsideration Of The Court's Order" (Document No. 40) was filed August 22, 2012. Although Defendant cited Local Rule 7.1(E) in its motion, Defendant has failed to file a reply brief in support

of its motion, or a notice of intent not to reply, as required by Local Rule 7.1(E), and the time to do so has lapsed. (Document No. 39, p.1).

## II. STANDARD OF REVIEW

The Court of Appeals for the Fourth Circuit has provided this court with a very specific standard of review:

> a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted. See Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir.1991) . . . Said power is committed to the discretion of the district court, see Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) . . . see Sejman v. Warner–Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir .1988) (noting that earlier decisions of a court become law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." (internal quotation marks omitted)).

American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–515 (4th Cir. 2003); see also, North Carolina ex rel. Cooper v. Tennessee Valley Authority, 1:06CV20-T, 2008 WL 2115159 at *1 (W.D.N.C. May 16, 2008).

> This Court has previously noted that a motion for reconsideration is appropriate when:
>
>> "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ... [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]."
>
> . . . "Such problems rarely arise and the motion to reconsider should be equally rare." Id.. These strict limitations on motions to reconsider serve to "ensure that parties are thorough and accurate in

3

> their original pleadings and arguments presented to the Court. To allow motions to reconsider offhandedly or routinely would result in an unending motions practice." Id.

North Carolina ex rel. Cooper v. Tennessee Valley Authority, 2008 WL 2115159 at *2. (Internal citations omitted).

### III. DISCUSSION

**A. Motion For Reconsideration**

Defendant by its instant motion requests "an Order vacating the Court's Order [Document No. 34] dated July 19, 2012 granting Summary Judgment in part for Plaintiffs on the grounds that the Order overlooked material facts and arguments that would have altered the conclusion of the Court." (Document No. 39, p.1). The undersigned has carefully reviewed Defendant's submission and respectfully disagrees that there are material facts or arguments that would have altered the Court's previous conclusion.

For example, counsel for Defendant contends that upon receipt of the Court's Order resolving the summary judgment motions, he then

> requested the appropriate officers of Defendant to search the emails of its former employee Carter in order to ascertain whether an email existed documenting that Carter had in fact advised Church in December 2008, that ... Church and the Agreement had been terminated and that a new strictly commission arrangement by and between Church and Defendant was to be in place as of January 1, 2009.

(Document No. 39-1, p.6). First, it is at a minimum perplexing why Defendant first conducted a search for such information *after* the Court had ruled on summary judgment, and not during discovery. Next, even if the Court considered the "newly discovered emails" Defendant attaches to his motion, it does not appear that they offer any evidence that would alter the Court's previous conclusion. At most, these emails are consistent with other evidence previously considered in

showing that there were discussions about changing the Agreement with Ken Church, but that he was never actually advised that he or his Agreement were terminated. (Document No. 39-2). See also, (Document No. 34, p.17) ("Although there is evidence that Defendant was *interested* in modifying the Agreement, there is no evidence that a new deal was ever agreed on or even presented to Plaintiff. (Document No. 27-2, pp.23-27, 33). Defendant's lack of evidence belies its contention that there was a new agreement.")

In addition, Defendant has now produced an affidavit of Tom Coughlin, which asserts that in December 2008 he "instructed [Tom] Carter to terminate Church immediately and retain him as simply a commission sales person" and that Carter complied with his directive "and terminated Church and the Agreement effective as of December 31, 2008." (Document No. 39-3). However, the parties conducted two depositions in this case, one of Ken Church, and one of Tom Carter. Neither of those depositions show that Carter terminated the Agreement with Church. (Document Nos. 28-1, and 27-2). If anything, the depositions show that Carter and Church had a conversation in or about December 2008 in which Carter purportedly said they had a new deal coming for Church, but that Church never got it. (Document No. 27-2, p.22). Even now, Defendant presents no evidence or argument that Church was ever notified in writing of any changes to his promised wages, as required by the North Carolina Wage and Hour Act. See (Document No. 34, pp.16, 20).

Defendant also asserts, for the first time, that even if Plaintiffs are entitled to $66,000 for the period of January 1, 2009 through June 30, 2009, then they are not entitled to commissions paid during that period. (Document No. 39-1). The undersigned finds this argument inconsistent with the Agreement which plainly provides for guaranteed compensation for 18 months and commissions "based on the profitability of the items sold." (Document No. 28-1, p.19). The Agreement does not set any beginning or ending date for commissions. Id.

For the most part, Defendant's motion seeks to rehash the same arguments without offering any new controlling authority applicable to this case, or evidence that the Court's prior decision was clearly erroneous and would work manifest injustice. In short, the undersigned finds Defendant's motion to offer too little, too late.

Based on the foregoing, as well as Plaintiff's persuasive response and the lack of any reply, the undersigned will deny Defendant's motion.

**B. Plaintiffs' Costs, Interest And Attorney's Fees**

On July 30, 2012, following Plaintiffs' "Notice Of Voluntary Dismissal Of Claim For Commissions" (Document No. 35), the undersigned issued an "Order" (Document No. 36) determining that there was "no longer an issue of fact in this case to be determined by a jury." The Court then instructed Plaintiffs to

> file a Notice with the Court, supported by an affidavit of counsel . . . outlining in detail: (1) the costs and fees of this action and the reasonable attorneys' fees Plaintiffs contend they incurred and are entitled to recover under N.C.Gen.Stat. § 95-25.22; (2) and all other damages and/or interest in this matter they contend they are entitled to recover pursuant to the Court's "Order" (Document No. 34) and N.C.Gen.Stat. § 95-25.22.

(Document No. 36).

"Plaintiffs' Notice Of Cost, Interest And Attorneys' Fees" (Document No. 37) ("Plaintiffs' Notice") was promptly filed on August 1, 2012. As noted above, Defendant has failed to respond.

Plaintiffs' Notice addresses in detail the damages sought by Plaintiffs in the Complaint (Document No. 2-1) and "Plaintiffs' Motion For Summary Judgment" (Document Nos. 28, 29). Plaintiffs request that "a Judgment be entered in this matter in the amount of $175,070.55, plus interest from the date of filing of the Judgment until satisfied." (Document No. 37).

Plaintiffs reach this requested amount based on: (1) a **$113.00** filing fee in Caldwell County;

6

(2) prejudgment interest of **$16,273.80**; (3) attorney's fees of **$26,758.75**; (4) **$66,000** in unpaid compensation; and (5) liquidated damages of **$66,000**. Plaintiffs' request is supported by N.C.Gen.Stat. § 95-25.22, which allows the Court to award "costs and fees of the action and reasonable attorneys' fees" and "interest at the legal rate set forth in G.S. 24-1." N.C.Gen.Stat. § 95-25.22 (a) and (d). The legal rate of interest pursuant to N.C.Gen.Stat. § 24-1 is eight percent (8%) per annum.

The Court has previously determined that Defendant is liable to Plaintiff pursuant to the North Carolina Wage and Hour Act. (Document No. 34). As such, N.C.Gen.Stat. § 95-25.22 allows for an award of liquidated damages:

> In addition to the amounts awarded pursuant to subsection (a) of this section, the court **shall award liquidated damages in an amount equal to the amount found to be due** as provided in subsection (a) of this section, provided that if the employer shows to the satisfaction of the court that the act or omission constituting the violation was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this Article, **the court may, in its discretion, award no liquidated damages or may award any amount of liquidated damages not exceeding the amount found due** as provided in subsection (a) of this section.

N.C.Gen.Stat. § 95-25.22 (a1) (emphasis added). Plaintiffs' request for Judgment seeks liquidated damages in the maximum amount available, $66,000.00, which is the amount the undersigned has found to be due Plaintiff pursuant to N.C.Gen.Stat. § 95-25.22 (a). (Document No. 37, p.2).

The undersigned finds the Court of Appeals of North Carolina's decision in <u>Arndt v. First Union Nat. Bank</u> instructive here.

> This Court determined in <u>Hamilton v. Memorex Telex Corp.</u> that the employer bears the burden to show liquidated damages should not be imposed. ... "[E]ven if an employer shows that it acted in good faith, and with the belief that its action did not constitute a violation of the [NCWHA,] the trial court may still, in its discretion,

7

> award liquidated damages in any amount up to the amount due for unpaid wages." ... If the employer is unable to make such a showing, the trial court is without discretion and must award liquidated damages.

Arndt v. First Union Nat. Bank, 170 N.C.App. 518, 531 (2005) (internal citations omitted); see also, Kornegay v. Aspen Asset Group, LLC, 204 N.C.App. 213, 241-242 (2010) ("the employer must show 'to the satisfaction of *the court*' that its actions were in good faith and based on reasonable grounds, . . . the trial judge is the one to decide the question of good faith and reasonable grounds under the NCWHA").

In this case, Defendant has failed to file any response to Plaintiffs Notice, nor make any specific argument that liquidated damages should not be imposed. After careful consideration of all the circumstances, the undersigned finds that an award of liquidated damages is appropriate. The Court in its discretion will award Plaintiff one half its requested liquidated damages, or $33,000.00.

Based on the foregoing, the undersigned finds that Plaintiffs have shown good cause for the amount of their requested Judgment, less half of the liquidated damage amount they sought.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion For Reconsideration" (Document No. 39) is **DENIED**.

**IT IS FURTHER ORDERED** consistent with the Court's previous "Order" (Document No. 34), **GRANTING** in part and **DENYING** in part, "Plaintiffs' Motion For Summary Judgment" (Document No. 28) and "Plaintiffs' "Notice Of Voluntary Dismissal Of Claim For Commissions" (Document No. 35) that Plaintiffs are entitled to recover from Defendant a total amount of **$142,145.55**, plus interest from the date of this Order until the Judgment is satisfied.

The Clerk of Court is directed to enter Judgment in this matter consistent with this Order.

**SO ORDERED**.

Signed: September 27, 2012

David C. Keesler
United States Magistrate Judge